J-S19042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC FREDERICK SKINNER, | : | |
| | : | |
| Appellant | : | No. 2860 EDA 2014 |

Appeal from the PCRA Order entered on August 27, 2014
in the Court of Common Pleas of Wayne County,
Criminal Division, No. CP-64-CR-0000462-2011

BEFORE: STABILE, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 15, 2015**

Eric Frederick Skinner ("Skinner"), *pro se*, appeals from the Order denying his *pro se* Request for Reinstatement of Direct Appeal Rights *Nunc Pro Tunc* (hereinafter "Petition").[1] We affirm.

In March 2012, Skinner pled guilty to one count each of possession of drug paraphernalia and receiving stolen property.[2] On June 15, 2012, the trial court sentenced Skinner to an aggregate prison term of nineteen months to seventy-two months. Skinner did not file a post-sentence motion or appeal his judgment of sentence. In November 2012, Skinner filed his first PCRA Petition. The PCRA court appointed counsel, who filed a

---

[1] The PCRA court treated Skinner's Request as his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] **See** 35 P.S. § 780-113(a)(32), 18 Pa.C.S.A § 3925(a).

**Turner/Finley**[3] "no merit" letter and a Petition to Withdraw as counsel. The PCRA court granted counsel's Petition to Withdraw and, after giving Notice to Skinner pursuant to Pa.R.Crim.P. 907, dismissed his Petition in March 2013. Skinner, *pro se*, appealed the dismissal. However, in March 2014, this Court dismissed Skinner's appeal based on his failure to file an appellate brief.

Thereafter, on August 27, 2014, Skinner, *pro se*, filed the instant Petition.[4] On August 29, 2014, the PCRA court denied the Petition, without notice.[5,6] On October 6, 2014, Skinner filed a Notice of

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] Skinner had initially filed his *pro se* Request for Reinstatement of Direct Appeal Rights *Nunc Pro Tunc* in this Court. On July 10, 2014, this Court denied Skinner's Request, without prejudice to his rights to apply to the PCRA court for the relief requested.

[5] In its Order, the PCRA court noted that the claims raised in Skinner's second Petition are the same claims that Skinner had raised in his first Petition.

[6] Although the PCRA court denied Skinner's Petition without providing the twenty-day notice required by Pa.R.Crim.P. 907(a), the failure to provide such notice is not reversible error where the PCRA Petition is untimely. **See Commonwealth v. Lawson**, 90 A.3d 1, (Pa. Super. 2014). Thus, the failure of the PCRA court to provide the Rule 907 notice does not entitle Skinner to any relief. **See id**.

J-S19042-15

Appeal.[7]

On appeal, Skinner raises the following questions for our review:

1. Was counsel ineffective for not challenging the initial offenses charged, wherein there was no probable cause to stop the vehicle [of Skinner] in violation of his Fourth Amendment right against unreasonable searches and seizures[?]

2. Was there a constitutional violation of probable cause wherein it was never established that a crime was either committed, or was about to be committed at the time of the incident of arrest[?]

3. [Whether] [c]ounsel was ineffective in relation[] to the forfeiture proceedings wherein [Skinner's] defense was established that his property was proven to be his, and that he did not waive his rights to the money[?]

---

[7] Pursuant to Pa.R.A.P. 903(a), the thirty-day period in which to appeal the August 29, 2014 Order expired on Sunday, September 28, 2014. However, Skinner had until Monday September 29, 2014 to file his appeal. *See* 1 Pa.C.S.A. § 1908 (providing that "whenever the last day of any [computation] period shall fall on Saturday or Sunday, … such day shall be omitted from the computation."). As Skinner's Notice of Appeal was not docketed until October 6, 2014, it is facially untimely. However, pursuant to the prisoner mailbox rule, an appeal is deemed to have been "filed" on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997). The appellant bears the burden of proving that he delivered the appeal to prison officials within the thirty-day appeal period. *Id*. Proof of timely delivery may include a Postal Form 3817 Certificate of Mailing, a "cash slip" noting the deduction from the appellant's prison account for the mailing and the date of the mailing, or "any reasonably verifiable evidence of the date the prisoner deposits the appeal with the prison authorities." *Id*. Here, the record contains a document prepared by Skinner, entitled "Proof of Service," in which he attests that he submitted his Notice of Appeal to prison authorities for mailing on September 25, 2014. The record is devoid of any other evidence which verifies that Skinner did, in fact, deliver his Notice of Appeal to prison authorities on this date, or at any time on or before September 29, 2014. Nevertheless, we decline to quash Skinner's appeal on this basis, or remand this matter to the PCRA court for an evidentiary hearing on the timeliness of Skinner's appeal, based on our conclusion that Skinner's Petition is untimely under the PCRA.

- 3 -

Brief for Appellant at 2-3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**.

We must first address whether Skinner satisfied the timeliness requirements of the PCRA. Under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Our review of the record discloses that Skinner's judgment of sentence became final on July 16, 2012, when the time for filing an appeal to this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a); **see also** 1 Pa.C.S.A. § 1908. Accordingly, Skinner had until July 16, 2013 to file the

instant Petition. However, the instant Petition was not filed until August 27, 2014. Thus, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Skinner has failed to plead or prove the applicability of any of the exceptions to the PCRA timeliness requirements. *See* 42 Pa.C.S.A. § 9545(b)(1); *Albrecht*, 994 A.2d at 1094. Accordingly, Skinner has failed to overcome the untimeliness of his Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2015

- 5 -